UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEL BIRMINGHAM,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner of Social Security Administration,

    Defendant.

CASE NO.    C06-5413JKA

ORDER AFFIRMING ADMINISTRATIVE DECISION

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits. Specifically, plaintiff argues (1) the ALJ improperly rejected Dr. Bittner's opinion, (2) the ALJ improperly rejected Plaintiff's testimony, and (3) the ALJ improperly found that jobs exist in significant number in the national economy that Plaintiff could perform. After reviewing the record, the court finds and orders as follows:

1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence

ORDER
Page - 1

as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Here, the ALJ's decision is properly supported by substantial evidence and free of legal error.

2. The ALJ properly evaluated Plaintiff's testimony. The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). Similarly, the ALJ can reject the testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he rejects. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, after summarizing the medical evidence the ALJ weighed Plaintiff's credibility in the context of his residual functional capacity. The ALJ assessed his credibility using factors assigned by the regulations, including (1) activities of daily living; (2) the location, duration, frequency, and intensity of pain or other symptoms, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness and side-effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for relief of pain or other symptoms, (6) measures used to relieve pain or other symptoms, and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. Social Security Ruling 96-7p. The ALJ found Plaintiff's allegations only partially credible, noting, "[T]he record contains evidence of impairments which can reasonably be expected to produce some pain and limitation", but not to the extent that it would preclude all work activity. (Tr. 22).

The ALJ noted the following basis to discredit Plaintiff's allegations and argument that he is totally disabled: (i) Plaintiff alleged disability beginning August 14, 2002, but reported in April 2003 that he had

not been to the doctor in over eight years, (ii) Plaintiff alleged limitations resulting from back pain he has experienced for 10 to 12 years, but he did not report such limitations when he filed his application for benefits in April 2003, (iii) the record does not contain evidence that Plaintiff sought treatment for back pain until January 2004, (iv) the medical evidence and Plaintiff's work experience do not support an exertional limitation related to his alleged back pain. (v) the medical evidence, and successful results with use of hearing aids, do not support the alleged limitations caused by a loss of hearing, (vi) medical evidence indicates Plaintiff's alleged limitations caused by migraine headaches are effectively treated with medication (Fioricet), (vii) similarly, Plaintiff's depression is successfully treated with Prozac, (viii) Plaintiff quit working because he was laid off or fired due to too many on the job vehicle accidents, (ix) Plaintiff continued to seek employment, receiving six months of unemployment benefits, and (x) Plaintiff's reported activities were inconsistent with his allegations of disability. After reviewing the record, the court finds the ALJ properly relied on substantial evidence to discredit his allegations of total disability.

3. If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion. The ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and reject the uncontradicted treating or examining physician opinion by providing clear and convincing reasons, supported by substantial evidence in the record. Holohan v. Massanari, 246 F.3d 1195, 1202-03 (9th Cir. 2001). The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Bittner. Plaintiff describes Dr. Bittner as his treating physician, and he argues the ALJ improperly rejected Dr. Bittner's assessment that

Plaintiff could only occasionally reach overhead and would likely miss four days per month due to his exertional limitations (caused by chronic pain and hearing loss).

The ALJ reviewed the medical evidence in his decision. The ALJ specifically noted the opinion of Dr. Bittner, along with opinions and observations from Dr. West, Dr. Wilson, Dr. Treyve, Dr. Burkey, Dr. Edwards, Dr. Santo-Domingo, Dr. Cotterell, and Dr. Aronsky. After reviewing the medical evidence, the ALJ concluded that the medical evidence properly supported finding Plaintiff was severely impaired due to a combination of physical impairments, including degenerative disc disease exacerbated by obesity, hearing loss, hypertension, and migraine headaches (Tr. 20). The ALJ further concluded Plaintiff did not suffer from any nonexertional or mental impairments caused by depression (Tr. 22).

After assessing Plaintiff's allegations, the ALJ concluded that he retained the ability to perform a modified range of light exertion work activity (Tr. 26). The ALJ explained that the residual functional capacity assessed for Plaintiff was "generally consistent with Dr. Bittner's opinion that the claimant can lift up to 20 pounds occasionally, stand for less than 30 minutes at one time, walk for less than 30 minutes at one time, sit for two hours at one time, and can occasionally bend, squat, crawl, and climb" (Tr. 26). As noted by Plaintiff the ALJ did not accept Dr. Bittner's entire opinion or conclusions. The ALJ stated:

> However, I have given little weight to Dr. Bittner's further opinion that the claimant has limitations in reaching above shoulder level. The record contains no evidence that the claimant has any limitation in his ability to reach or that he has alleged such. I have also given little weight to Dr. Bittner's opinion that the claimant would miss more than four days per month and that he does not think the claimant can work "at all". He reported no reasons for his opinion that the claimant cannot work other than "due to chronic pain and hearing loss". (Exhibit 12F). It, therefore, appears that Dr. Bittner's opinion is also based primarily on the subjective reports of the claimant. As discussed above, the claimant has work in the past with hearing loss and his claims of the extent of his chronic pain appear to be excessive and not fully credible. Dr. Bittner's June 2005 opinion that the claimant cannot work "at all" is also inconsistent with the limitations he reported for the claimant indicating he could perform tasks in the sedentary to light exertion level and with his April 2005 opinion that the claimant's condition would improve with weight loss and "back hardening". (Exhibit 11F/346).
>
> I have also considered and given less weight to other opinions reported by Dr. Bittner in the form of physical evaluation forms completed for the State of Washington Department of Social and Health Services in November 2004 and April 2005 in which he reported that the claimant was limited to sedentary work. While he reported "very limited" range of motion in the low back in April 2005 at 50 percent of normal, he reported no neurological abnormalities and no abnormalities in gait or station in November 2004 or April 2005. Moreover, he reported no limitation in low back range of motion in November 2004 with no explanation for the reported decrease in functioning. (Exhibit 11F). In April 2005 he recommended weight loss and "back hardening" to improve employability, implying that the claimant's functioning would likely improve with effort. Finally, I have given little weight to his opinions of November 3, 2004, and April 26, 2005, that the claimant "continues to be disabled". (Exhibit 8F/306,

314). In addition to the other reasons cited above, the issue of whether an individual is "disabled" under the Social Security Act is an administrative finding which is reserved to the Commissioner of the Social Security Administration. (Social Security Ruling 96-5p). As discussed above, I have concluded that the June 2005 opinion of Dr. Bittner in which he reported more specific limitations is the most representative of his opinion regarding the claimant's functional limitations and is generally consistent with the evidence of record.

(Tr. 27).

After reviewing the ALJ's decision, specifically the ALJ analysis noted above, regarding Plaintiff's residual functional capacity and the medical evidence, the undersigned finds the ALJ properly assessed the opinion of Dr. Bittner. Dr. Bittner's opinions appear to be inconsistent and they do not provide detail to explain the changes in his opinions. The ALJ was required to reconcile the medical evidence with his interpretation of Plaintiff's allegations and credibility, as discussed above, and the court finds the ALJ provided clear and specific reasons to reject those portions of Dr. Bittner's opinion.

4. Finally, Plaintiff argues the ALJ failed to carry the administration's burden of showing that Plaintiff is capable of performing certain work within the national economy. It is the administration's burden to show that the plaintiff can perform other substantial gainful work that exists in the national economy. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The ALJ's use or reliance on a Vocational Expert is a common method for establishing the existence of such jobs. *See* Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The ALJ's findings will be upheld where the weight of the medical evidence supports the hypothetical questions posed by the ALJ. Martinez v. Heckler, 807 F.2d 771 (9th Cir. 1986). A vocational hypothetical must set forth all the reliable limitations and restrictions of the particular claimant that are supported by substantial evidence. See Osenbrock, 240 F.3d at 1162-63; Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). Although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)(*citing* Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)).

Here, the ALJ, relying on the vocational expert testimony, concluded Plaintiff was capable of performing work as a electrical/electronics assembler, extruder machine operator, or small products assembler (Tr. 28-29). The hypothetical posed to the Vocational Expert in this matter contained all of the limitations and impairments properly assessed by the ALJ. Plaintiff's argument that the ALJ failed to pose a proper hypothetical that included all of Plaintiff's impairments is premised on the arguments that the ALJ

erred when the ALJ evaluated the medical evidence and Plaintiff's credibility. As discussed above, the ALJ did not err as argued by Plaintiff. The Vocational Expert testified that a person with Plaintiff's residual functional capacity, as assessed by the ALJ, could perform those types of light exertional jobs. The court is not persuaded by Plaintiff's argument that the ALJ's assessment of a sit/stand option was not specific enough or did not accurately portray plaintiff's abilities to do work. The ALJ's hypothetical calling for a sit/stand option sufficiently reflected his assessment that Plaintiff has the ability to do light work, which requires the ability to walk and stand for approximately six hours each workday (Tr. 26). The ALJ's assessment is consistent with Dr. Bittner's evaluation that Plaintiff was able to sit for four hours in an eight hour day, stand for two hours during an eight hour day, and walk for two hours in an eight hour day (Tr. 479), and each of the jobs identified by the vocational expert were categorized as being light work..

5. Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this 18th day of January 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge